UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
───────────────────────────────────X

ILIRJAN BIDA,
        Plaintiff,

    - against -

LUMUTRI KUCI,
        Defendant.
───────────────────────────────────X

**MEMORANDUM AND ORDER**
14-CV-4959 (RRM) (LB)

ROSLYNN R. MAUSKOPF, United States District Judge.

On August 20, 2014, plaintiff, Ilirjan Bida, a New Jersey resident proceeding *pro se*, filed the instant complaint on behalf of his mother, Xhurxhi Bido ("Xhurxhi"), against his aunt, Lumutri Kuci ("Lumutri"). (*See* Compl. (Doc. No. 1)).) Bida alleges that Xhurxhi has granted him power of attorney. (*See id*. Ex. 3.) Bida seeks leave to proceed *in forma pauperis* ("IFP"). For the reasons set forth below, Bida's application to proceed IFP is denied, and his complaint is dismissed without prejudice.

## BACKGROUND

This action concerns a piece of property located in Albania. Xhurxhi and her deceased brother, Luman Kuci ("Luman"), owned the property "half and half." (Compl. at ¶ II.) Luman, who was defendant Lumutri's husband, died on January 27, 2013. According to the documents Bida annexes to his complaint, Lumutri inherited Luman's interest in the property. Bida also annexes a survey, which reflects that the property is literally divided in half, into Parts A and B, with a line running down the center. (*See* Compl. Ex. 4.) Bida seeks a declaration concerning whether Xhurxhi or Lumutri owns Part A or Part B.

## DISCUSSION

Bida has applied for IFP status. Pursuant to 28 U.S.C. § 1914(a), the filing fee to commence a civil action is $350, plus an additional administrative fee of $50, for a total of $400.

The Court may waive the filing fee upon finding a plaintiff indigent. *See* 28 U.S.C. § 1915; *Fridman v. City of New York*, 195 F. Supp. 2d 534, 536 (S.D.N.Y. 2002) ("Leave to proceed *in forma pauperis* may be granted 'in any suit, action or proceeding, civil or criminal, or appeal therein' to a litigant who 'submits an affidavit that includes a statement of all assets such prisoner possesses that the person is unable to pay such fees or give security therefor.'") (quoting 28 U.S.C. § 1915(a)(1)). Whether to grant IFP status is a matter within the Court's discretion. *See id.*

In his IFP application, Bida states that his monthly income, which he earns from his maintenance job and three rental properties, is $6180. He also states that he has $150 in his checking or savings account, that his monthly expenses for the rental properties total approximately $4600, and that he has a Sally Mae loan of $36,000 for his children. The Court finds that Bida's declaration does not support a finding of indigence. Accordingly, Bida's IFP application is denied.

Ordinarily, upon the denial of an IFP application, the Court would order payment of all fees and, upon such payment, allow the action to proceed. Here, however, such an order would be futile as Bida does not have the authority to bring this action. A *pro se* litigant who is not an attorney may not bring an action on behalf of another. *See* 28 U.S.C. § 1654 ("[P]arties may plead and conduct their own cases personally or by counsel."); *Iannaccone v. Law*, 142 F.3d 553, 558 (2d Cir. 1998); *Megna v. U.S. Dep't of the Navy,* 317 F. Supp. 2d 191, 192 (E.D.N.Y. 2004) ("Although New York General Obligations Law § 5–1502H authorizes an agent holding a sufficient power of attorney '[t]o assert and prosecute before any court . . . any cause of action . . . which the principal has, or claims to have, against any individual,' that statute only permits the agent to hire on behalf of her principal, not to commence an action *pro se* in the name of her principal.") (internal citation omitted); *DePonceau v. Pataki*, 315 F. Supp. 2d 338, 341–42

(W.D.N.Y. 2004) (finding that *pro se* plaintiff lacked standing to file § 1983 complaint on behalf of other individuals, even though they had given him power of attorney); *see also Richardson v. Griffin*, No. 13 CV 6189, 2013 WL 5663073, at *1 (S.D.N.Y. Oct. 17, 2013) ("As a *pro se* litigant, Plaintiff, the sole signatory of the Complaint, cannot represent or otherwise appear on behalf of others."); *United States ex rel. Mergent Servs. v. Flaherty*, 540 F.3d 89, 92 (2d Cir. 2008) ("[A]n individual who is not licensed as an attorney may not appear on another person's behalf in the other's cause.") (internal quotation marks omitted).

Here, Bida brings this action pursuant to a power of attorney granted to him by his mother in order to raise claims solely on his mother's behalf. The complaint contains neither facts concerning Bida himself or any interest he has in the property at issue, nor any valid legal basis for asserting claims on behalf of his mother.[1]  As such, Bida cannot prosecute this action, and requiring payment of the filing fee would serve no purpose at this stage.

---

[1] It should be noted that the complaint also raises questions regarding this court's jurisdiction. Although filed against a named individual and predicated on allegations of diversity jurisdiction, this action appears to be an *in rem* or *quasi in rem* action to partition real estate that is in the foreign state of Albania.

## CONCLUSION

In light of the foregoing, Bida's application to proceed *in forma pauperis* is denied, and Bida's complaint is dismissed without prejudice to refile in a manner consistent with this opinion.

The court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).[2]

SO ORDERED.

Dated: Brooklyn, New York
September 30, 2014

*Roslynn R. Mauskopf*

_____
ROSLYNN R. MAUSKOPF
United States District Judge

---

[2] Bida has consented to receive electronic notifications in this case. (*See* Doc. No. 4.)